**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0402-20

LOT 20.06, LLC,

     Plaintiff-Appellant,

v.

FURNITURE SOUP, INC.,

     Defendant/Third-Party
     Plaintiff-Respondent,

v.

KENNETH HENICK,

     Third-Party Defendant.

_____

Submitted January 6, 2022 – Decided March 1, 2022

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3193-18.

Mark Williams, attorney for appellant.

Seth D. Josephson, attorney for respondent.

PER CURIAM

Plaintiff Lot 20.06, LLC, appeals the February 15, 2019 grant of summary judgment to defendant Furniture Soup, Inc., dismissing its complaint. Plaintiff also appeals July 17, 2020 orders denying reconsideration and imposing Rule 1:4-8 sanctions. Plaintiff's central point on appeal, which we do not reach, is the propriety of a September 5, 2014 judgment entered in a different lawsuit under a different docket number imposing a $115,000 equitable lien on Block 34, Lot 20.06 in Upper Freehold Township. By way of background, on September 4, the day before the lien was imposed, plaintiff acquired the land knowing an application to enter the lien would be heard the following day. The seller of the land, also the debtor, took back a $550,000 mortgage on the property; the record seems to indicate no payments were ever made. We affirm dismissal of the complaint and the 2020 orders.

On September 4, 2018, when defendant attempted to collect on the judgment by obtaining a writ of execution, plaintiff filed its complaint. Defendant filed an answer and counterclaim, demanding costs and fees for frivolous litigation, and a third-party complaint against Kenneth Hennick, plaintiff's owner, seeking to discharge the mortgage as "a legal fiction" only intended to insulate the property from the lien.

2

Plaintiff participated in a post-judgment October 24, 2014 argument, initiated by the seller, regarding the equitable lien and related issues in the earlier litigation. Plaintiff's counsel then acknowledged on the record that his client knew of the pending application for an equitable lien before buying the real estate. Thereafter, plaintiff did not appeal, renew its application for intervention, or attempt to quiet title. Plaintiff's complaint sought relief from the writ of execution and to vacate the lien.

On February 15, 2019, the trial judge denied plaintiff's summary judgment motions and granted defendant the right to execute the writ. The judge found that although plaintiff had not been a party in the prior matter, it was in direct privity with the judgment debtor-seller who conveyed the property to plaintiff the day before the issuance of the equitable lien. The court further concluded that plaintiff's arguments should have been raised four years prior. Thus, the judge dismissed the complaint pursuant to the doctrine of collateral estoppel and laches, but imposed no sanctions.

Plaintiff filed a notice of motion seeking reconsideration of the court's February 15, 2019 order, reinstatement of its complaint, discharge of the lien, and the modification of certain clauses in the 2014 order. Defendant cross-moved for counsel fees.

A-0402-20

When the parties appeared in court on July 17, 2020 to argue the motions, plaintiff contended the court had erred by reading the September 4, 2018 complaint as requesting reconsideration of the 2014 order. Defendant in turn argued fees and costs should be imposed. The judge granted defendant's application and denied plaintiff's, observing that plaintiff's assertions were nothing more than "a rehash of the argument that was made in front of me that was decided in February 2019." She concluded there was no basis for the relief plaintiff sought, and awarded defendant fees and costs.

Plaintiff's points on appeal continue the attack on the underlying 2014 order:

> POINT I
>
> STATEMENT C IN JUDGE O'BRIEN'S ORDER OF SEPTEMBER 5, 2014, WHICH STATES THAT "JUDGMENTS AS AGAINST STEVEN D. CATALANO SHALL BE LIENS AND ENCUMBRANCES AGAINST LOT 20.06 IN BLOCK 34 IN UPPER FREEHOLD TOWNSHIP" SHOULD BE INVALIDATED.
>
> A. Judge O'Brien correctly found in the same Order that he had no jurisdiction over S.D. Catalano, Inc., and repeatedly denied relief as to this corporation, thus directly contradicting the creation of a lien against Lot 20.06 owned by S.D. Catalano, Inc.

4

B.    The Rules do not affect Plaintiff's right to bring this action.

C.    The equitable defenses of Collateral Estoppel and Laches do not bar Plaintiff's action.

D.    An Order entered against a non-party over whom the Court has no jurisdiction can be challenged in a collateral declaratory action under N.J.S.A. 2A:16-50.

The Complaint alleges this right of action. The Court ignores this point and focuses on Plaintiff's failure to pursue its relief in the prior Furniture Soup action.

E.    The remedy of imposing an equitable lien was never available without proof of an agreement in which the reasonable intent of the parties is to designate a particular property as security for the satisfaction of a contractual obligation; and was therefore an improper exercise of Judge O'Brien's discretion, and invalid.

POINT II

THE FINDINGS OF FACT IN JUDGE O'BRIEN'S ORDER OF SEPTEMBER 5, 2014 WHICH STATES THAT "IT APPEARING THAT S.D. WALKER, INC. OWNS TEN PERCENT OF BLOCK 34, LOT 20.06 . . . ." HAD NO SUPPORT WHEN IT WAS ENTERED, AND SHOULD BE INVALIDATED.

POINT III

THE WRIT OF EXECUTION ISSUED BY THE SUPERIOR COURT DIRECTING THE SHERIFF'S SALE OF LOT 20.06 SHOULD BE QUASHED.

5

A. The Court never had jurisdiction over its owner.

B. The Writ should independently be quashed because an equitable lien does not support issuance of a Writ of Execution.

POINT IV

THE TRIAL JUDGE GRANTING ATTORNEY FEES UNDER RULE 1:4-8 IGNORED HER PRIOR DECISION ON THE GROUNDS FOR AWARDING FEES, AND THE MOVANT'S BURDEN UNDER RULE 4:49-2.

I.

"The general rule is that findings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)); see Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."). Here, we are bound by the court's factual findings, as they are supported by the record. We also concur with the court's legal conclusion regarding laches.

Because laches is dispositive, we do not address the trial judge's other bases for dismissal. The doctrine of laches is properly "invoked to deny a party

enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party." Knorr v. Smeal, 178 N.J. 169, 180-81 (2003) (citing In re Kietur, 332 N.J. Super. 18, 28 (App. Div. 2000)).

The policy underlying the doctrine of laches is to discourage stale claims. Gladden v. Bd. of Trs., Pub. Emps.' Ret. Sys., 171 N.J. Super. 363, 371 (App. Div. 1979) (citing Flammia v. Maller, 66 N.J. Super. 440, 453-54 (App. Div. 1961)). "The key factors . . . are the length of the delay, the reasons for the delay, and the 'changing conditions of either or both parties during the delay.'" Knorr, 178 N.J. at 181 (quoting Lavin v. Bd. of Educ., 90 N.J. 145, 152 (1982)). As a matter of equity, "[w]hether laches should be applied depends upon the facts of the particular case and is a matter within the sound discretion of the trial court." Fox v. Millman, 210 N.J. 401, 418 (2012) (alteration in original) (quoting Mancini v. Twp. of Teaneck, 179 N.J. 425, 436 (2004)).

When plaintiff purchased the real estate, it knew that the court would address the creditor's application for an equitable lien against the seller's real estate on the day following the closing and mortgage takeback. Plaintiff's attorney had weeks of advance notice. Plaintiff's attorney attended the October 2014 hearing on seller's application for the court to reconsider the lien. In

7

essence, plaintiff did nothing from 2014 until filing its complaint on September 4, 2018.

Some compelling reason must be expressed by a litigant seeking to avoid the effect of the doctrine of laches. Zilberberg v. Bd. of Trs., 468 N.J. Super. 504, 513 (App. Div. 2021). Plaintiff offers none.

Laches is an equitable doctrine that

> is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party. [In re Kietur, 332 N.J. Super. at 28 (citing Cnty. of Morris v. Fauver, 153 N.J. 80, 105 (1998))]. Laches may only be enforced when the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned. [Dorchester Manor v. Borough of New Milford, 287 N.J. Super. 163, 172 (Law Div. 1994)]. The time constraints for the application of laches "are not fixed but are characteristically flexible." [Lavin, 90 N.J. at 151.] The key factors to be considered in deciding whether to apply the doctrine are the length of the delay, the reasons for the delay, and the "changing conditions of either or both parties during the delay." [Id. at 152.] The core equitable concern in applying laches is whether a party has been harmed by the delay.
>
> [Chance v. McCann, 405 N.J. Super. 547, 567 (App. Div. 2009) (citing Knorr, 178 N.J. at 180-81).]

Plaintiff does not explain its years-long failure to act despite knowing about the equitable lien against property. That the record does not include any

A-0402-20

reference to any cash being exchanged at closing, and does not include the fact the seller took back a mortgage for $550,000, may explain plaintiff's silence. In any event, the doctrine of laches seems uniquely relevant. Having known of the existence of the equitable lien for over four years and taken no action to relieve the property of the encumbrance, plaintiff cannot do so now. No reason for delay appears in the record. No changes in condition justify the delay. The trial judge did not err in dismissing the complaint based on laches.

## II.

One of plaintiff's points is that the writ failed to meet certain technical requirements of Rule 4:59. Because plaintiff is barred from quashing the writ, if any technical errors exist, they need not be addressed here. The point does not require further discussion in a written opinion. See R. 2:11-3(e)(1)(E).

## III.

A trial court's decisions regarding reconsideration under Rule 4:49-2 and the imposition of counsel fees are afforded substantial deference, and will be disturbed only upon a showing of a clear "abuse of discretion." See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v.

Collier, 167 N.J. 427, 444 (2001)). In this case, the judge's denial of reconsideration informed her decision to award counsel fees.

This court also reviews a judge's decision on a motion for sanctions under Rule 1:4-8 for abuse of discretion. Bove v. AkPharma Inc., 460 N.J. Super. 123, 146 (App. Div. 2019). "Reversal is warranted 'only if [the decision] "was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment."'" Ibid. (alteration in original) (quoting McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011)). No abuse of discretion occurred when the judge awarded legal fees to defendant.

Under Rule 1:4-8, an opposing party must first serve a "written notice and demand" on the attorney who signed the pleading. R. 1:4-8(b)(1). That notice must warn that sanctions will be sought "if the offending paper is not withdrawn within [twenty-eight] days of service of the written demand[,]" but if "the subject of the application for sanctions is a motion whose return date precedes the expiration of the [twenty-eight]-day period, the demand shall give the movant the option of either consenting to an adjournment of the return date or waiving the balance of the [twenty-eight]-day period then remaining." Ibid.

As the trial judge found, Rule 4:49-2 requires a motion for reconsideration to "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ."  Plaintiff failed to identify any grounds for relief in the reconsideration application that had not already been presented.  Because it made exactly the same arguments in February 2019, the judge also opined that the only basis for the motion was to increase the cost and burden of litigation.

Here, defense counsel notified plaintiff's counsel via email of his intent to request sanctions under Rule 1:4-8 before the motion was heard.  Although the record does not indicate precisely when notice was given, the judge noted the initial return date of the motion was in either May or early June, and the motion was decided on July 17, 2020.  The twenty-eight-day deadline therefore had expired.

Rule 1:4-8(b)(1) authorizes sanctions if a party's pleading, motion, or other paper "violated [paragraph (a) of] this rule."  Paragraph (a) requires that counsel ensure that

> (1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

A-0402-20

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support[.]

[R. 1:4-8(a).]

A review of the motion transcript reveals that the judge sufficiently described how defendant filed a Rule 4:49-2 motion lacking any overlooked law or facts warranting reconsideration. See Kornbleuth v. Westover, 241 N.J. 289, 301 (2020); Naik v. Naik, 399 N.J. Super. 390, 395 (App. Div. 2008). The judge therefore properly exercised her discretion in imposing fees under Rule 1:4-8.

Any points we have not reached lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12